NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1488
_____

SEAN DAVID WOODSON,
Appellant

v.

RICHARD COLAJEZZI; DENISE BACON; T. LONGACRE; BRIAN PATTON,
(ALL IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITIES)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-12-cv-00973
District Judge: The Honorable Cynthia M. Rufe

Argued May 27, 2014

Before: RENDELL, SMITH, and HARDIMAN, *Circuit Judges*

(Filed: July 25, 2014)


Richard H. Frankel
Meghan Kelley            [ARGUED]
Kyle Nocho               [ARGUED]
Drexel University
Earle Mack School of Law
3320 Market Street
Philadelphia, PA  19104
        *Counsel for Appellant*

Susan D. Bricklin
Paul W. Kaufman          [ARGUED]
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA  19106
      *Counsel for Appellee*

———————————

OPINION

———————————

SMITH, *Circuit Judge.*

Sean Woodson, an inmate at the Philadelphia Federal Detention Center ("FDC"), appeals the District Court's denial of his motion for preliminary injunctive relief.  Because the District Court's dismissal of Woodson's underlying constitutional claims mooted his request for preliminary relief, we will dismiss this appeal for lack of jurisdiction.

On April 16, 2012, the District Court docketed Woodson's complaint, which alleged that various FDC officials violated his right of access to courts, his First Amendment right to free speech, and his Sixth Amendment right to self-representation in his criminal prosecution.  His complaint also included a request for preliminary injunctive relief.

On February 12, 2013, after allowing Woodson to amend his complaint several times, the District Court dismissed Woodson's access-to-courts claim with

prejudice and dismissed his First Amendment claim without prejudice.[1] The District Court also denied Woodson's motion for a preliminary injunction because his "failure to state a claim upon which relief can be granted necessarily preclude[d] a finding that [he] ha[d] demonstrated a likelihood of success on the merits, which is required before a court may grant preliminary injunctive relief." J.A. 10.

On February 20, 2013, Woodson filed a notice of appeal and declared "his intention to appeal each and every aspect" of the February 12, 2013, decision. J.A. 1. The same day, however, he filed a motion to extend the leave period to amend his complaint. J.A. 157. On April 11, 2013, the District Court, "in light of Plaintiff having filed an appeal," denied this motion for lack of jurisdiction. J.A. 165.

In the present appeal, Woodson challenges only the District Court's denial of his motion for a preliminary injunction. He explicitly refrains from appealing the District Court's dismissal of the constitutional claims for which this preliminary relief is sought. *See* Appellant's Reply Br. 25 ("This appeal concerns the denial of Mr. Woodson's motion for a preliminary injunction, not whether the

---

[1]    The District Court's opinion does not squarely address Woodson's Sixth Amendment claim, which he alleged on page seven of his amended complaint. Should Woodson elect to amend this complaint and pursue his remaining claims below, the District Court should take care to acknowledge his Sixth Amendment arguments.

district court properly dismissed any of Mr. Woodson's damages claims.").[2] Once Woodson's constitutional claims were dismissed, however, his motion for a preliminary injunction became moot. *See, e.g., Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262, 1262 (2007) ("We have previously dismissed interlocutory appeals from the denials of motions for temporary injunctions once final judgment has been entered.").[3]

Because there are no longer any live claims upon which preliminary relief can be granted, we will dismiss Woodson's appeal for lack of jurisdiction. Should Woodson wish to pursue this matter further, we encourage him to either (1) amend his complaint and pursue his First and Sixth Amendment claims in the District Court,[4] or (2) stand on his complaint and appeal the dismissal of his constitutional claims.

---

[2] Woodson acknowledges that he "has not demonstrated a clear intention to let the original complaint stand," which prevents him from appealing the dismissal of the constitutional claims underlying his request for equitable relief. Appellant's Reply Br. 12.

[3] While we recognize that Woodson's access-to-courts claim was dismissed with prejudice, we still lack jurisdiction to review this claim, as his appeal concerns only the denial of a preliminary injunction. An appeal as to the underlying access-to-courts claim would be permissible if and when all aspects of the case reach a final disposition. *See Carter v. City of Philadelphia*, 181 F.3d 339, 343 (3d Cir. 1999).

[4] As previously noted, the District Court dismissed Woodson's motion to extend the leave period to amend his complaint for lack of jurisdiction. Should Woodson again move to amend his complaint, the District Court should allow him a reasonable period of time to do so.